UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALTER GREEN,

        Plaintiff,                         Case No. 1:24-cv-12086

v.                                  The Honorable Thomas L. Ludington
                                  United States District Judge

SGT. "UNKNOWN" EDDY,

        Defendant.

_____/

**OPINION AND ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

In August 2024, Plaintiff Walter Green was confined at the Thumb Correctional Facility (TCF) in Lapeer, Michigan. On August 3, 2024, Plaintiff alleges Defendant "Unknown" Eddy—a Correctional Sergeant at TCF—made a series of threatening and harassing remarks to Plaintiff in response to Plaintiff's alleged "grievance" about the removal of property from his cell. So Plaintiff sued, alleging Defendant deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. Because Plaintiff proceeds *in forma pauperis*, his Complaint is subject to the Prisoner Litigation Reform Act's screening requirements. As explained below, Plaintiff's Complaint fails to state any viable § 1983 claim and must be dismissed.

**I.**

On August 9, 2024, Plaintiff Walter Green—a Black man—filed a *pro se* Complaint alleging that Defendant "Unknown" Eddy—a Sergeant at the Thumb Correctional Facility (TCF) in Lapeer, Michigan—deprived him of his constitutional rights while he was confined at TCF, in violation of 42 U.S.C. § 1983. *See* ECF No. 1. Specifically, Plaintiff alleges that, on an unidentified date, his cell "was searched and two . . . media players were taken" but "no contraband removal

slip was issued in violation of [Michigan Department of Corrections] Policy." *Id.* at PageID.1. This case does not concern Plaintiff's property and, instead, centers on what happened *after* Plaintiff filed a "grievance" about his missing media players with TCF staff. *See id.*

On August 3, 2024—six days before Plaintiff filed his handwritten Complaint—Plaintiff alleges Defendant told him to "sign off of th[e] grievance" or Defendant would label Plaintiff a "security threat."[1] *Id.* at PageID.2. Plaintiff alleges he "refused" and that Defendant responded by saying: "[a]ll you fucking ni[**]er gang bangers are all the same, ok have it your way and go f[uck] yourself." *Id.* Plaintiff alleges he felt "degraded[,] humiliated[,] and sexually threatened" by Defendant's remarks. *Id.* Accordingly, Plaintiff alleges Defendant deprived him of his First, Eighth, and Fourteenth Amendment rights and seeks $25,000 in damages. *Id.* at PageID.3. On September 24, 2024, Magistrate Judge David R. Grand granted Plaintiff's application to proceed *in forma pauperis* (IFP), ECF No. 5.[2]

## II.

As Plaintiff proceeds IFP, his Complaint is subject to screening requirements established by the Prison Litigation Reform Act (PLRA). *See Giles v. Michigan Dep't of Health & Hum. Servs*., No. 1:24-CV-10136, 2024 WL 1478861, at *2 (E.D. Mich. Apr. 5, 2024) (noting "the PLRA's screening requirement applies equally to both prisoner and non-prisoner plaintiffs" who proceed IFP). Under the PLRA, district courts must screen IFP complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can

---

[1] Plaintiff alleges inmates labeled security threats at TCF are housed in a "special unit," have "restrictions on commissary purchases," and limited "phone use[.]" ECF No. 1 at PageID.2.
[2] For reasons unknown, Plaintiff's earlier-filed *motion* to proceed IFP is still listed as "pending" on the docket in the above-captioned case. *See* ECF No. 3. To the extent this motion was not resolved by Judge Grand's September 2024 order granting Plaintiff's application to proceed IFP, it is moot as of this Opinion & Order, which dismisses Plaintiff's Complaint for failure to state a claim.

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is frivolous—and must be dismissed—if it lacks an arguable basis in law or fact. *Sears v. Washington*, 655 F. Supp. 3d 624, 626 (E.D. Mich. 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28).

And a complaint fails to state a claim upon which relief can be granted if it does not contain sufficient factual allegations—accepted as true—to plausibly support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79. (2009). Plaintiff must assert "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Id*.; *see also Sears*, 655 F. Supp. 3d at 626. So, mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Sears*, 655 F. Supp. 3d at 626. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Sears*, 655 F. Supp. 3d at 626 (internal quotations and citations omitted).

Further, to state a plausible civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that they were deprived of a constitutional or statutory right by someone acting "under the color of state law." *See id*.; *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *see also Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) ("If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail.").

### III.

Plaintiff's Complaint does not state any plausible 42 U.S.C. § 1983 claim. So it must be dismissed.

### A.

Start with Plaintiff's allegation that Defendant verbally abused and harassed him on August 3, 2024. ECF No. 1 at PageID.2. As this Court has explained, verbal threats are generally "actionable under § 1983 *only* if [they] amount[] to an assault, result[] in physical harm, or [are] part of a pattern of unnecessary and wanton abuse." *Guzinski v. Hasselbach*, 920 F. Supp. 762, 764, n.1 (E.D. Mich. 1996) (emphasis added) (citing *Parrish v. Johnson*, 800 F.2d 600 (6th Cir.1986)). As a matter of law, a prison official defendant's verbal abuse and harassment towards a confined plaintiff do not constitute cruel and unusual punishment under the Eighth Amendment—applicable to convicted inmates—nor under the Fourteenth Amendment—applicable to pretrial detainees. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (affirming district court dismissal of a prisoner plaintiff's § 1983 claim, noting the Sixth Circuit has historically held that [h]arassment and verbal abuse . . . do not constitute the type of infliction of pain that the [constitution] prohibits"); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir.2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987) (finding "verbal abuse" and "harassment" are not actionable as forms of cruel and unusual punishment).

Although Plaintiff also seemingly alleges Defendant's remarks were retaliatory in violation of his First Amendment rights, Plaintiff has not even attempted to allege that (1) he engaged in protected conduct, (2) he suffered an adverse action which would deter an ordinary person from engaging in this protected conduct, and (3) that the adverse action was motivated at least in part

by his protected conduct. *See generally* ECF No. 1. All three elements are necessary to allege a plausible First Amendment retaliation claim. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). And, even if Plaintiff had alleged these elements in a conclusory manner, the scant facts in his Complaint do not provide sufficient support. The Sixth Circuit is clear: "[a]n inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation." *Id.* (internal citation omitted).

At bottom, although Defendant's alleged remarks may be classified as racist, shameful, unsavory, or unprofessional, they cannot be plausibly classified as unconstitutional. *See Johnson*, 357 F.3d 539, 545-46 (6th Cir. 2004) ("[W]hile the allegations, if true, demonstrate shameful and utterly unprofessional behavior by [the officer defendant], they are insufficient to establish a [constitutional] violation").

## B.

Turn to Plaintiff's apparent allegation that Defendant's remark that Plaintiff should "fuck [him]self" was *sexually* suggestive and threatening. ECF No. 1 at PageID.2. This, too, is insufficient to state a claim upon which relief can be granted.  It is well-settled that "[e]ven verbal threats of sexual assault do not violate an inmate's constitutional rights under § 1983." *Beavers v. Harrison*, 655 F. Supp. 3d 628, 630 (E.D. Mich. 2023) (citing *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004)).  Relatedly, the Sixth Circuit has "held that 'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citing *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)).  Defendant's alleged remark comes nowhere close to threatening sexual assault, and Plaintiff does not allege the remark is part of a larger, more severe pattern. Accordingly, Plaintiff's

claim that he felt "sexually threatened" by Defendants' alleged remark does not rise to the level of a plausible constitutional violation to state a valid § 1983 claim. *Compare* ECF No. 1 at PageID.2 (alleging Plaintiff felt "sexually threatened" when Defendant told him, on a single occasion, to go "fuck [him]self") *with Rafferty*, 915 F.3d at 1095-96 (finding inmate plaintiff's claims that the corrections officer defendant repeatedly demanded she expose her breasts and masturbate in his presence on six occasions against her will were "sufficiently serious" to implicate the Eighth Amendment).

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

Further, because Plaintiff's Complaint lacks any arguable basis in the law and any appeal would be frivolous and not taken in good faith, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

**This is a final order and closes the above-captioned case.**

Dated: March 18, 2025                           s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge